UNITED STATES v. MOCK CHEW.

(Circuit Court of Appeals, Ninth Circuit. January 30, 1893.)

No. 47.

CHINESE—CERTIFICATE—VALIDITY.

A certificate of identification given by a Chinese consul in Japan, and visaed by the vice consul general of the United States at Yokohama, is not sufficient under section 6 of the exclusion act of July 5, 1884, in the absence of evidence, other than the certificate itself, that the consul issuing it has authority from the Chinese government to do so.

Appeal from the Circuit Court of the United States for the Northern District of California.

Habeas corpus proceeding by Mock Chew, a Chinese person who was refused permission to land in the United States. The circuit court discharged the petitioner, and permitted him to land. The United States appeals. Reversed.

W. G. Witter, Asst. U. S. Atty.
Thomas D. Riordan, for appellee.

Before McKENNA, Circuit Judge, and MORROW, District Judge.

McKENNA, Circuit Judge. The appellee alleges that he is a subject of the emperor of China and that he came to the United States on the steamer Gaelic, but that the collector of the port of San Francisco denied his application to land, basing his refusal on the Chinese restriction act of May 6, 1882, and the acts amendatory thereof and supplemental thereto. Appellee, however, claims the right to land by reason of a certificate issued to him by the Chinese consul at Yokohama, Japan. The certificate, with the indorsement of G. A. Scidmore, United States vice consul general, is as follows:

"H. I. Chinese Majesty's Consulate.

"Yokohama, Japan, May 14, 1891.

"To Collectors of the Ports of the United States, and to All Others to Whom These Presents may Come, Greeting: I, the undersigned, consul of the imperial government of China at Yokohama, Japan, hereby certify that the following described person is entitled and permitted to go to and come from the United

States of America, of his own free will and accord, in accordance with the provisions of article 2 of the treaty between the United States and China, dated November 17th, 1880. In conformity with section 6 of the restriction act, as amended July 5th, 1884, and the instructions given to collectors of customs by the secretary of the treasury, dated January 14th, 1885, this certificate is issued to the following named person, and will be recognized, upon production and delivery to the customs officers at the port of arrival, as prima facie evidence of his right of entry into the United States: Destination: Chong Tai Co., No. 803 Dupont street, San Francisco. Description: Individual name, Moc Chew. Family name, Moc. Tribal name, Moc. Residence, No. 147 Yokohama. Title or official rank, ———. Age, 22. Height, 5 feet 4¾ inches. Physical peculiarities, a long mark on the right side of neck. Occupation, (former and present,) merchant. How long pursued, 6 years. When, 1885. Where, Yokohama. Nature and character of, sundry goods. Value of, $800,000.13. Signature of above named. [Here follows Chinese signature.] Given by the imperial government of China, and under my hand and seal of this consulate, at Yokohama, this 7th day of the 4th moon, in the 17th year of the emperor Kwang Shu.

"[Chinese signature.]

"H. I. Chinese Majesty's Consul, Lee Ju Chien.
"[Chinese consulate seal.]"

"[Vignette.]

"Chinese Emigration Certificate.

"I, vice consul general of the United States at Kanagawa, (Yokohama,) Japan, hereby certify that I have personally examined into the truth of the statements set forth in the certificate hereto attached, of Lee Ju Chien, H. I. Chinese majesty's consul at the port of Yokohama, (Kanagawa,) with respect to Moc Chew, a Chinese merchant, certifying as to his right of entry into the United States, and that, after and upon such examination, I find that the statements contained in said certificate are true, and have duly visaed and indorsed said certificate. I further certify that the said Moc Chew came personally before me, and that upon personal examination I find that he is the identical person mentioned in said certificate, and for further identification I attach hereto a photograph of the said Moc Chew. I further certify that the seal and signature of the foregoing certificate are those of Lee Ju Chien, H. I. Chinese majesty's consul at this port. Description of emigrant: Name, Moc Chew. Age, 22 years. Height, five feet four and ¾ inches. General physical features, scar on right side of neck. Former occupation, merchant. Present occupation, merchant. Place of residence, No. 147 Yokohama, Japan. In witness whereof, I hereto set my hand and seal of office at the port of Kanagawa, (Yokohama,) Japan, this 15th day of May, in the year one thousand eight hundred and ninety one.

"G. A. Scidmore,
"Vice Consul General of the United States, Kanagawa, Japan.
"[Photograph of Mock Chew stamped on certificate, with consulate seal.]
"12. No. 34. Visaed, May 15, 1891.

"G. A. Scidmore,
"U. S. Vice Consul General, Kanagawa, Japan.
"[Consulate Seal.]"

The circuit court discharged the petitioner, and permitted him to land, from which the United States appeals. The case is submitted entirely on the certificate.

Section 6 of the Chinese restriction act is as follows:

"Sec. 6. That, in order to the faithful execution of the provisions of this act, every Chinese person, other than a laborer, who may be entitled by said treaty or this act to come within the United States, and who shall be about to come to the United States, shall obtain the permission of, and be identified as so entitled by, the Chinese government, or of such other foreign government of which, at the time, such Chinese person shall be subject, in each case to be evidenced by a certificate which shall be in the English language, and shall show such permission," etc. "* * * The certificate provided for

in this act, and the identity of the person named therein shall, before such person goes on board any vessel to proceed to the United States, be visaed by the indorsement of the diplomatic representative of the United States in the foreign country from which such certificate issues, or of the consular representatives of the United States at the port or place from which the person named in the certificate is about to depart; and such diplomatic representative or consular representative whose indorsement is so required is hereby empowered, and it shall be his duty, before indorsing such certificate as aforesaid, to examine into the truth of the statements set forth in said certificate; and if he shall find, upon examination, that said or any of the statements therein contained are untrue, it shall be his duty to refuse to indorse the same. Such certificate, visaed as aforesaid, shall be prima facie evidence of the facts set forth therein, and shall be produced to the collector of customs of the port in the district in the United States at which the person named therein shall arrive, and afterward produced to the proper authorities of the United States whenever lawfully demanded, and shall be the sole evidence permissible on the part of the person so producing the same to establish a right of entry into the United States; but said certificate may be controverted, and the facts therein stated disproved, by the United States authorities."

It is undoubtedly competent for the Chinese government to authorize its consuls to give the certificate prescribed by section 6, but there is no proof in the case that it has done so. The appellee contends that the certificate itself is evidence of authority to issue it. We do not think so. It is also contended that no point was made in the court below on the want of authority of the consul to issue the certificate, and, if such point had been made, proof of such authority could have been submitted. If such proof exist, the circuit court will no doubt hear it on the return of the case. The judgment of the circuit court is reversed, and the case remanded for further proceedings.